UNITED STATES of America, Appellee,

v..

Arthur SULLIVAN, Defendant-Appellant.

No. 392, Docket 82–1194.

United States Court of Appeals,
Second Circuit.

Argued Nov. 16, 1982.

Decided Dec. 7, 1982.

John S. Martin, Jr., U.S. Atty. for the S.D. of N.Y., New York City (Janette Patterson, Gerard E. Lynch, Asst. U.S. Attys. for the S.D. of N.Y., New York City, of counsel), for appellee U.S.A.

DePetris & Stewart, New York City (Daniel R. Wotman, New York City, of counsel), for defendant-appellant Sullivan.

Before VAN GRAAFEILAND, MESKILL and PRATT, Circuit Judges.

PER CURIAM:

Defendant was convicted of conspiracy to escape from the Manhattan Correctional Center in violation of 18 U.S.C. § 371 and attempted escape in violation of 18 U.S.C. § 751(a). We affirm.

Only one issue raised by defendant deserves comment. After trial, defendant requested and received new counsel to represent him at sentencing. Although the court directed that the trial transcript be prepared to aid the new attorney, the transcript had not been completed by the date scheduled for sentencing. The trial judge denied counsel's application for an adjournment, stating that he would proceed without the transcript because, having presided at trial, he was familiar with the facts of the case, there was nothing about the trial that he did not know, and, in any event, he would base his decision on other factors than the events at trial. Defendant urges that counsel's inability to review the trial transcript before sentencing denied him both his right to allocution under Fed.R. Crim.P. 32(a)(1) and his right to the effective assistance of counsel at sentencing.

The denial of the request to adjourn sentencing was error. At sentencing, a defendant has the right to assistance of counsel, *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), as well as the right to present information in mitigation of punishment, Fed.R.Crim.P. 32(a)(1). Defendant's attorney did not have a reasonable opportunity to familiarize himself with the trial proceedings which resulted in conviction. Neither the court's assurances, nor opposing counsel's representations, nor his own client's recollections were an adequate substitute for the opportunity to search the actual record for material supporting a plea for clemency. Moreover, neither defendant nor his attorney was responsible for the Official Court Reporter's delay in supplying a transcript which even the trial judge originally felt was necessary for the newly appointed attorney to properly represent the

defendant at sentencing. Thus, the trial court abused its discretion in denying defendant's request for an adjournment of sentencing.

The error, however, does not require reversal or remand for resentencing. Neither in his brief, nor when specifically pressed on oral argument, could defendant's counsel point to any specific prejudice that resulted from an absence of the transcript at the time of sentencing. He has pointed to no relevant part of the trial of which he was ignorant, nor to any additional argument that he would have made had the transcript been actually available to him. Consequently, the error below caused no prejudice to the defendant.

Defendant's other claim is without merit, and the judgment is affirmed.