**UNITED STATES of America,
Appellee,**

v.

**Mahlof BEN–SHIMON, Defendant–
Appellant.**

**No. 1362, Docket 00–1369.**

United States Court of Appeals,
Second Circuit.

Argued: March 8, 2001.
Decided: May 2, 2001.

Barbara D. Cottrell, Assistant United States Attorney, Albany NY, (Daniel J. French, United States Attorney for the Northern District of New York, Richard S. Hartunian, Assistant United States Attorney, on the brief), for Appellee.

Alexander Bunin, Federal Public Defender, Albany, NY, (Molly Corbett, on the brief), for Defendant–Appellant.

Before: JACOBS, CALABRESI, Circuit Judges, ARTERTON, District Judge.[*]

PER CURIAM:

Mahlof Ben–Shimon, who had been serving a 188–month sentence imposed in 1992, was convicted following a jury trial in January 2000 of conspiracy to possess and possession of prohibited objects (including controlled substances, jewelry and watches) in a federal penitentiary, in violation of 18 U.S.C. § 1791 (conspiracy) and 18 U.S.C. § 1791(a)(2), (b)(1) and (b)(3) and 18 U.S.C. § 2 (possession). Ben–Shimon appeals from the judgment of conviction and sentence entered in the United States District Court for the Northern District of New York (Hurd, J.) on the following grounds: (A) the district court abused its discretion in admitting an inade-

[*] The Honorable Janet Bond Arterton for the United States District Court for the District of

quately authenticated English language transcript of a tape-recorded conversation conducted in both English and Hebrew, without a proper jury instruction as to the jury's responsibility to assess the accuracy of the transcript; (B) the district court erred in adopting a sentencing enhancement for obstruction of justice without making the specific findings of perjury required by *United States v. Dunnigan*, 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); and (C) the district court erred in failing to reappoint assigned counsel for sentencing.

A. *The English Language Transcript*

The government's case-in-chief included a taped conversation between Ben–Shimon and alleged coconspirators, conducted partially in English and partially in Hebrew. With the help of cooperating witness Sammy Acoca, the government prepared an English language transcript. Agent Joe Lestrange and Mr. Acoca testified as to how the transcript was prepared. Mr. Acoca further testified that he speaks both languages, that he provided accurate translations from Hebrew to English, that the transcript as a whole was fair and accurate, and that he could identify the speakers because he had known them a long time and it was easy to recognize their voices.

Ben–Shimon objected to the admission of the transcript on the grounds that the tape was inaudible and the transcript was inaccurate. The district court struck two transcriptions of inaudible passages, admitted the transcript for the limited purpose of aiding the jury in following the tape, and gave the following instruction before allowing the jury to hear the tape:

Connecticut, sitting by designation.

I must caution you that this transcript is merely received to assist you in following along. It is your recollection or your hearing of the tape that counts, and if you disagree with the transcript, that's what counts. It's only an aid to help you follow along and you determine whether or not the translations on the tape are what was heard, judge this witness's testimony as to whether or not you accept it, and any challenges that may be made on cross-examination or as part of the defendant's case as to the accuracy of the transcript. So that's the limited reason why Exhibit 39 [the transcript] has been received.

Ben–Shimon contends (i) that the English language transcript was inadequately authenticated, and (ii) that the jury was improperly instructed as to their fact-finding responsibilities with respect to the transcript.

█ The district court's decision to admit the transcript is reviewed for abuse of discretion. *See United States v. Moskowitz*, 215 F.3d 265, 268 (2d Cir.2000); *United States v. Tocco*, 135 F.3d 116, 127 (2d Cir.1998); *see also United States v. Chalarca*, 95 F.3d 239, 246 (2d Cir.1996) ("The decision to receive in evidence English translations of foreign-language transcripts lies in the discretion of the district court."). Transcripts of tape-recorded conversations may be given to a jury in a criminal trial for the purpose of aiding the jury in following along if certain precautions are taken to ensure accuracy. *See United States v. Carson*, 464 F.2d 424, 436–37 (2d Cir.1972) (approving use of transcript where court held in camera hearing and parties either agreed as to the accuracy of the transcript or offered competing versions to be presented to the jury); *cf. United States v. Bryant*, 480 F.2d 785, 791 & n. 4 (2d Cir.1973) ("We have approved the procedure of admitting

transcripts as an aid in listening to tape recordings where the transcripts were stipulated to be accurate.")

█ Where the recorded conversation is conducted in a foreign language, an English language transcript may be submitted to permit the jury to understand and evaluate the evidence. *See Chalarca*, 95 F.3d at 246; *United States v. Bahadar*, 954 F.2d 821, 829–31 (2d Cir.1992). If the accuracy of the transcript is contested, competing transcripts may be submitted to the jury. *See Chalarca*, 95 F.3d at 246; *Carson*, 464 F.2d at 437 (upholding admission of transcript containing parties' competing versions for certain portions of tape); *see also United States v. Chiarizio*, 525 F.2d 289, 293 (2d Cir.1975) ("In cases where the defense and prosecution disagree as to the contents of the tape, the proper procedure is for the jury to receive transcripts of both sides' versions."). "A limiting instruction by the district court concerning the use of transcripts, which includes an instruction that the jury is the ultimate factfinder, should alleviate any prejudice arising from the introduction of the transcripts." *Chalarca*, 95 F.3d at 246; *accord United States v. Koska*, 443 F.2d 1167, 1169 & n. 1 (2d Cir.1971) (approving use of jury instruction substantially similar to one employed by the district court in this case).

Aside from the two passages that the court redacted, Ben–Shimon specifies no inaccuracy, and instead objects to the transcript generally on the grounds that Mr. Acoca—an interested party—is not a certified translator of Hebrew to English, and that there was insufficient foundation to support the transcript's accuracy. However, the district court advised Ben–Shimon expressly and repeatedly that he was free to prepare a competing transcript assisted by a court-appointed translator. The transcript was sufficiently authenticated by

Agent Lestrange and Mr. Acoca. And the court properly instructed the jury on what weight to give the transcript, and its limited purpose. It was no abuse of discretion to admit the transcript under these circumstances.

### B. *The Enhancement for Obstruction of Justice*

■■■■ Under *United States v. Dunnigan*, "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out." 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The *Dunnigan* Court added: "A witness testifying under oath or affirmation violates [the federal criminal perjury] statute if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *Id.* at 94, 113 S.Ct. 1111. In determining whether an enhancement for obstruction of justice is required, it is sufficient if the district court "makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury", *id.* at 95, 113 S.Ct. 1111; but "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Id.; cf. United States v. Catano–Alzate*, 62 F.3d 41, 42 (2d Cir.1995) (finding district court's findings insufficient under *Dunnigan* where "the district court included neither specific factual findings nor language indicating that the proper factual predicates were established").

■■■■ In this Circuit, an enhancement for obstruction of justice based on perjured testimony may be imposed only where the sentencing court finds "that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir.1997). Perjury is committed "willfully" where it is made "with the specific purpose of obstructing justice", and "materially" where it is material to the proceeding in which it is given. *Id.* The district court's factual findings (which must be proved at sentencing by a preponderance of the evidence) may be disturbed only where clearly erroneous. *See United States v. Shonubi*, 998 F.2d 84, 87 (2d Cir.1993) (citing *United States v. Pimentel*, 932 F.2d 1029, 1031 (2d Cir.1991)). However, "whether the facts found ... constitute obstruction of justice is a question of law subject to *de novo* review." *Id.* (citing *United States v. Perdomo*, 927 F.2d 111, 118 (2d Cir.1991)).

■■■■ The government argues that Ben–Shimon failed to object to the enhancement in the district court and that *Dunnigan*'s requirements therefore do not apply. *See Dunnigan*, 507 U.S. at 95, 113 S.Ct. 1111 ("*[I]f a defendant objects* to a sentence enhancement ..., a district court must review the evidence and make independent findings ...." (emphasis added)). This Circuit has not yet decided whether *Dunnigan* controls when a defendant fails to interpose an objection, but we do not decide this question now because Ben–Shimon, appearing pro se, sufficiently objected at the sentencing hearing to the two-point obstruction enhancement. After noting for the record that Ben–Shimon objected to the entire PSR, the district court asked Ben–Shimon to state any specific objections to the accuracy of the contents of the Report. Citing the portion of the PSR on obstruction of justice, Ben–Shimon argued:

And now another two [points], that I was obstructing justice. Your Honor, if you think I was obstructing justice, well, let them make the indictment. Let them go to the Grand Jury, go, give me two points. What is it? He make two points on himself without no indictment. I can't get two points on obstruction of justice.

This is inartful, and there is no doubt that Ben–Shimon tended to wander and rant. But if a bare objection to the enhancement is enough, this objection suffices. Even if *Dunnigan* requires that the defendant's objection be based on the need to specify the perjurious statements, we think that Ben–Shimon sufficiently argued that the allegation in the PSR was conclusory and inadequate to support an enhancement, as indeed it was. *Cf. Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir.1995) ("The complaint of a *pro se* litigant is to be liberally construed in his favor." (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972))); *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir.1988) ("[P]ro se litigants may in general deserve more lenient treatment than those represented by counsel."). Therefore, if *Dunnigan* requires a specific objection to invoke its protections, Ben–Shimon's general objection sufficed under these circumstances.

■ The district court made no finding on the record as to the factual basis for the obstruction enhancement. The court recited that it was "adopt[ing] the factual statements contained in the presentence report and den[ying] the objections made by Mr. Ben–Shimon." After stating that "[t]he presentence report will be made part of the record", the district court endorsed the PSR's calculation of the total offense level (16) and criminal history category (III).

"Where the sentencing judge neither clearly resolves the disputed issue nor ex-plicitly relies on factual assertions made in a PSR, we must remand for further findings." *United States v. Reed,* 49 F.3d 895, 901 (2d Cir.1995). Although it remains open in this Circuit whether a district court's adoption of the findings of a PSR is sufficient to discharge its duties under *Dunnigan, see United States v. Williams,* 79 F.3d 334, 337 (2d Cir.1996); *cf. United States v. Galbraith,* 200 F.3d 1006, 1013 (7th Cir.2000) ("If a defendant does not object to the enhancement at the time of sentencing, the judge is entitled to adopt the PSR's findings without making independent findings on the record."), the findings in Ben–Shimon's PSR would in any event be wholly insufficient under *Dunnigan* to support the obstruction enhancement, *see United States v. Bradbury,* 189 F.3d 200, 205 (2d Cir.1999) (considering that a remand for factual findings may be unnecessary where the district court adopted the findings of the PSR, but holding that the "PSR's conclusions were not sufficient to support an obstruction enhancement"); *Williams,* 79 F.3d at 337 (same).

The PSR prepared by the Probation Office references the adjustment for obstruction of justice in two places. On page 7, paragraph 21, the PSR says: "The probation officer has no information that the defendant impeded or obstructed justice." Then on page 9, paragraph 28—without acknowledging the evident contradiction—the PSR recommends a two-level enhancement for obstruction of justice on the following basis: "On January 13, 2000, the defendant was convicted following a jury trial of four counts of a ten count Indictment. The defendant committed perjury by denying his guilt under oath at this trial, which constitutes obstruction of justice. Pursuant to U.S.S.G. § 3C1.1, the offense is increased by 2 levels." These conclusory statements are insufficient to

support the enhancement. *See, e.g., Bradbury,* 189 F.3d at 205 (finding that the "PSR did not make the necessary finding that [the defendant], in making his false statement, acted with the requisite intent to impede the government's investigation and to obstruct justice"); *Williams,* 79 F.3d at 337 (finding PSR that stated " '[a]s a result of the defendant's false statements under oath, he committed perjury, thereby attempting to obstruct the administration of justice' " insufficient because the Report failed to make the "necessary finding" that the defendant "in making his false statements, acted with the requisite intent to commit perjury").

Ben–Shimon's PSR treats a defendant's denial of guilt under oath as tantamount to obstruction of justice, which is just what *Dunnigan* findings are intended to avoid. *See Catano–Alzate,* 62 F.3d at 42 (*"Dunnigan*'s requirement of fact-finding insures that courts will not automatically enhance sentences whenever the accused takes the stand and is thereafter found guilty."); *Shonubi,* 998 F.2d at 88 ("A proper determination by the district court ensures that defendants are not penalized merely for taking the stand, which otherwise would raise troubling constitutional issues." (quotation marks omitted)). As previously noted, this Circuit requires specific findings that the defendant (1) willfully (2) and materially (3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter. *See Zagari,* 111 F.3d at 329. Even if it can be said that Ben–Shimon's "den[ial] [of] his guilt under oath at this trial" (PSR 9, ¶ 28) satisfies (2) and (3)(b) and (c), there is no finding in the PSR that Ben–Shimon gave false testimony as to a material matter with the specific purpose of obstructing justice. The willfulness requirement therefore has not been met. Nor is it clear from the PSR that Ben–Shimon gave the false testimony intentionally, "rather than as a result of confusion, mistake, or faulty memory." *Dunnigan,* 507 U.S. at 94, 113 S.Ct. 1111. Without these specific findings, the obstruction enhancement was unfounded.

■ The government invites us to look at the entire record de novo to determine whether the factual predicates supporting perjury are present. *Cf. Catano–Alzate,* 62 F.3d at 42–43 (noting that in some cases the defendant's testimony may be so "inherently unbelievable" or "against the weight of the evidence that the factual predicates are obvious"). However, "[n]othing in *Dunnigan* can be read to suggest that a separate finding of willful perjury is unnecessary where the perjury is obvious." *Williams,* 79 F.3d at 337. It therefore does not suffice for us to decide that Ben–Shimon made obvious misrepresentations to the district court (e.g., he denied any prior federal conviction even though he was then serving a sentence based on a conviction in the Eastern District of New York); the district court was nonetheless required to reference the statements on which the perjury finding was grounded. *See id.* at 337–38 ("[I]n a case where the defendant has clearly lied on the stand, the district court need do nothing more to satisfy *Dunnigan* than point to the obvious lie and find that the defendant knowingly made a false statement on a material matter. The obviousness of the falsehood, though, does not obviate the need for the finding by the district court that willful perjury has occurred.").

■ Finally, the two-point enhancement for obstruction of justice is not harmless error. Ben–Shimon's sentence was calculated based on an offense level of 16 and criminal history category of III, which gave him a Guidelines range of 27–33 months. The district court sentenced

Ben–Shimon to 30 months. Without the two-point enhancement, the applicable guidelines range would have been 21–27 months. Therefore, the district court could not have imposed the same sentence without the obstruction enhancement (or another upward departure justified under the Guidelines). For that reason, Ben–Shimon's sentence must be vacated and the case remanded to the district court for additional factfinding and resentencing.

### C. *Failure to Reappoint Assigned Counsel*

Prior to trial, Magistrate Judge Sharpe conducted a lengthy hearing in response to Ben–Shimon's request to represent himself. Based on Ben–Shimon's wishes expressed at the hearing, Magistrate Sharpe allowed Ben–Shimon to file pre-trial motions pro se while keeping Robert Malloy as trial counsel. Ben–Shimon subsequently asked District Judge Hurd either to assign new trial counsel or allow Ben–Shimon to act pro se. Based on Magistrate Sharpe's findings and an additional colloquy with Ben–Shimon, Judge Hurd elected to allow Ben–Shimon to represent himself at trial with the assistance and advice of Mr. Malloy as standby counsel.

 Ben–Shimon's argument on appeal has to do with whether he sufficiently signaled his desire for a lawyer to represent him in connection with sentencing. Ben–Shimon's argument that he was deprived of counsel's assistance at sentencing is mooted by our vacatur of Ben–Shimon's sentence under *Dunnigan* because he will be resentenced as he stands before the district court at that time. *See United States v. Santopietro,* 166 F.3d 88, 95 (2d Cir.1999) ("The District Court will be required to consider the defendant 'as he [stands] before the court at that time.'" (quoting *United States v. Core,* 125 F.3d 74, 77 (2d Cir.1997))). On appeal, Ben–

Shimon seeks as relief a lawyer on resentencing, but there is no reason to think that the district court would not assign one. *See United States v. Sullivan,* 694 F.2d 1348, 1348 (2d Cir.1982) ("At sentencing, a defendant has the right to assistance of counsel . . . ." (citing *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) ("[T]he sentencing is a critical stage of the criminal proceeding at which [the defendant] is entitled to the effective assistance of counsel."))).

\* \* \*

For the foregoing reasons, Ben–Shimon's sentence is vacated and the case is remanded to the district court for resentencing after the court has had the opportunity to make findings under *United States v. Dunnigan,* 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). *See Bradbury,* 189 F.3d at 205 (vacating sentence and remanding for resentencing); *Williams,* 79 F.3d at 338 (vacating and remanding for resentencing after a hearing to determine whether the defendant committed perjury); *Catano–Alzate,* 62 F.3d at 43 ("We therefore remand for further findings with regard to whether appellant committed perjury, and if the judge so finds, a more specific statement of the factual predicates. If the judge finds that appellant did not commit perjury, [the defendant] should be resentenced.").