UNITED STATES of America, Appellee,

v.

Horace RICHARDS, also known as Desmond Wolfe and Jimbo, Fabian Anderson, also known as Wayne, Rudolph Anderson, also known as Pinky and Bo Pee, Judith Balfour, also known as Donna, Rudolph Booth, also known as Shortman, Gregory Brissett, also known as Starkey, Desmond Brown, also known as D, Ronald Clark, also known as Dread, Melvin Douglas, Tony Palmer, also known as Reginald Dumas and Spoonhead, Courtney Greenwood, Everton Hamilton, also known as Father, Desmond Heywood, also known as Mike and Springfield, Delroy Howell, also known as Devon, Damian Lazarus, Kevin Lazarus, Lenworth Lewis, also known as Dave, Arminda Lopez, also known as Minday, Donovan Lue, also known as Rudeboy, Richard Perrone, Murphy Rhoden, also known as Bashey, Michael Robinson, Dawn Schwalb, Courtney Simms, also known as Royal and Royo, Derrick Stewart, also known as Scrooge, and Wayne Williams, also known as Penn, Defendants,

**Dennis ROWE, aka "Dicky",
Defendant–Appellant.**

**Docket No. 01–1601.**

United States Court of Appeals,
Second Circuit.

Oct. 16, 2002.

Norman A. Pattis, New Haven, CT, for Appellant.

David R. Ring, Assistant United States Attorney (John A. Danaher III, United States Attorney for the District of Connecticut, on the brief), Hartford, CT, for Appellee.

Present WALKER, Chief Judge, CARDAMONE, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Defendant-appellant Dennis Rowe appeals from the November 5, 2001 judgment of the district court (Chatigny, *D.J.*) convicting him, after a jury trial, of one count of conspiracy to possess with intent to distribute, and to distribute marijuana, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute and distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was principally sentenced to consecutive terms of imprisonment of sixty months on the conspiracy count and ten months on the substantive count.

On appeal, Rowe contends that (1) the district court committed plain error by failing to declare a mistrial after replacing two jurors shortly after deliberations had begun; and (2) the district court abused its discretion by admitting translated transcripts of wiretapped conversations be-

tween defendant and a co-conspirator.[1]

Rowe's conviction stems from his participation in an extensive conspiracy to transport marijuana from Texas to Connecticut and other states and, specifically, his drug dealings with co-defendant Horace Richards. It is uncontested that Richards transported and distributed more than 1000 kilograms of marijuana. The government's evidence against Rowe consisted mainly of testimony from two participants in the conspiracy who witnessed several transactions between Richards and Rowe and learned of other such deals during conversations with Richards. The prosecution also introduced into evidence numerous wiretapped conversations between Rowe and Richards that were conducted mainly in Jamaican patois.

The morning that the jury began to deliberate, one of the jurors was approached outside the courthouse by a man speaking a foreign language. The juror saw the defendant looking at her during the incident and reported the incident to approximately five other jurors. After interviewing each of the jurors aware of the encounter, the district court excused two of them but retained the other jurors based on their unequivocal statements that they could remain impartial. Despite the district court's invitation for comment by counsel, defense counsel made no objection to the retention of these jurors. After the jury's guilty verdict was returned, defendant moved for a mistrial, asserting that the retained jurors tainted the rest of the deliberations.

■ When a defendant, after being alerted to a potential basis for mistrial, fails to demand a mistrial until after the jury returns a guilty verdict, his objection is deemed waived and will not serve as a

basis for reversal on appeal absent plain error. *See United States v. Blume,* 967 F.2d 45, 48 (2d Cir.1992); *United States v. Huang,* 960 F.2d 1128, 1135 (2d Cir.1992). Under plain error review, a reversal is not warranted unless there is an error "that is plain, and ... that affect[s] [the defendant's] substantial rights." *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). An appellate court may exercise its discretion to correct such an error only if "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* In this case, the district court's handling of the effects of the unauthorized third-party contact ensured the impartiality of the jury. *See United States v. Ruggiero,* 928 F.2d 1289, 1300–01 (2d Cir. 1991). In addition, given the defendant's concession in his brief that he participated in the conspiracy and the sufficient evidence against him, appellant has failed to establish that his substantial rights have been affected or that his conviction constitutes a miscarriage of justice.

■ Rowe also appeals the admission of transcripts of the wiretapped conversations that were translated by a government expert. Although Rowe identifies no inaccuracies in the transcript, he argues that the expert witness did not base the translation on a sound methodology. We review the district court's determination that an expert's testimony is reliable and its decision to admit translations of conversations for an abuse of discretion. *See Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); *United States v. Ben–Shimon,* 249 F.3d 98, 101 (2d Cir.2001) (per curiam). In light of the fact that the witness grew up speaking Jamaican patois and had worked as a translator of Jamaican patois

---

1. At oral argument and through counsel, Rowe voluntarily withdrew his challenge on appeal to the sufficiency of the evidence supporting his conviction.

for seven years at the time of the trial, we find no abuse of discretion in qualifying the witness as an expert. *See Ben–Shimon,* 249 F.3d at 101–02; *see also United States v. Abonce–Barrera,* 257 F.3d 959, 964–965 (9th Cir.2001). Rowe's contention that the translation was based on an unsound methodology because Jamaican patois is a phonetic dialect is without merit. The issue is whether the expert's translation of the tapes into English is reliable, not whether the foreign language itself is easily transcribed onto paper.