**UNITED STATES of America,**
**Appellee,**

v.

**Noel Anthony GAY, Defendant–**
**Appellant.**

No. 03–1223.

United States Court of Appeals,
Second Circuit.

Jan. 20, 2004.

Trevor L.F. Headley, Brooklyn, NY, for Appellant.

Thomas Fallati, Assistant United States Attorney for the Eastern District of New York, for Appellee.

Present: WINTER, JACOBS and STRAUB, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED

**AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant–Appellant Noel Anthony Gay ("Gay") appeals from a conviction in the United States District Court for the Eastern District of New York for (i) failing to declare approximately $160,000 in U.S. currency found in his Trinidad-bound luggage in violation of 31 U.S.C. § 5316(a)(1)(A) and (ii) making a materially false statement in a matter under the jurisdiction of the Executive Branch in violation of 18 U.S.C. § 1001. Gay is serving concurrent 21 month sentences, to be followed by three years supervised release. Familiarity is assumed as to the facts, procedural context, and the specification of appellate issues.

En route to Trinidad on August 12, 2002, Gay checked luggage that contained United States currency hidden in, *inter alia*, a powdered iced-tea container and a radio. INS Customs Inspector Alice Barrow tracked-down Gay prior to boarding and explained that he had to declare any amount of U.S. currency in excess of $10,000. When Gay claimed that he was traveling with nothing more than the $165 on his person, he was detained. Gay denied knowing about the $160,000; he told INS Customs Service Special Agent Joseph Lestrange ("Lestrange") that he was bringing the two suitcases to Trinidad for a man named "Dexter," and that he had received them from a person in Queens identified as "Shortman." At Lestrange's request, Gay called Shortman several times and (unsuccessfully) attempted to induce him to come to the airport. Lestrange tape-recorded the conversations, which were conducted primarily in English.

At trial, Gay successfully offered in evidence the tape-recordings of his conversations with Shortman. During its rebuttal summation, the government played the tape-recording of one of the conversations and distributed to the jury a transcript of the recording. The court had ruled previously that the transcript could be used to aid the jury in listening to the tape but would not be admitted as evidence. Gay contends on appeal that the admission of the transcript deprived him of a fair trial. Assuming that a sufficient objection was made to the admissibility of the transcript for a limited purpose (which is not altogether clear), we affirm nevertheless on the ground that the district court's decision to admit the transcript was not an abuse of discretion. *See United States v. Moskowitz,* 215 F.3d 265, 268 (2d Cir. 2000); *United States v. Tocco,* 135 F.3d 116, 127 (2d Cir.1998).

"Transcripts of tape-recorded conversations may be given to a jury in a criminal trial for the purpose of aiding the jury in following along if certain precautions are taken to ensure accuracy." *United States v. Ben–Shimon,* 249 F.3d 98, 101 (2d Cir. 2001). "If the accuracy of the transcript is contested, competing transcripts may be submitted to the jury." *Id.* Any prejudice arising from the introduction of the transcripts can usually be avoided by a limiting instruction emphasizing the jury's role as ultimate factfinder. *See United States v. Chalarca,* 95 F.3d 239, 246 (2d Cir.1996). Disagreements over accuracy notwithstanding, a district court's admission of a properly authenticated transcript is not reversible error if the defendant is made aware that he is free to submit a competing transcript, and does not do so. *See Ben–Shimon,* 249 F.3d at 102.

The government's transcript was admitted for the limited purpose of aiding the jury in following several telephone conversations; its accuracy was authenticated by Lestrange; Gay was advised (several times) that he could submit a competing transcript; he did not do so; and Judge

Amon gave the jury a comprehensive limiting instruction at least twice. Under these circumstances, the district court's admission of the transcript for a limited, non-evidentiary purpose was not an abuse of discretion. *See Ben–Shimon,* 249 F.3d at 101.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**