UNITED STATES of America,
Appellee,

v.

Jerry WASHINGTON, Defendant–
Appellant.

No. 02–1484.

United States Court of Appeals,
Second Circuit.

June 10, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the district court's judgment of conviction entered on August 12, 2002, is AFFIRMED.

Anothony L. Ricco (John M. Rodriguez, on the brief), New York, New York, for Appellant.

Adam B. Siegel, Assistant United States Attorney (Gary Stein, Assistant United States Attorney, on the brief), for David N. Kelley, United States Attorney, Southern District of New York, New York, New York, for Appellee.

Present: MINER, RAGGI, Circuit Judges, and MARRERO,* District Judges.

* The Honorable Victor Marrero of the United States District Court for the Southern District

## SUMMARY ORDER

Defendant–Appellant Jerry Washington was convicted after a jury trial of three substantive counts and one conspiracy count of drug trafficking. *See* 21 U.S.C. §§ 812, 841(a)(1), (b)(1), 846. He is presently incarcerated, serving a term of seventy-eight months' imprisonment. We assume familiarity with the record and the proceedings before the district court.

### 1. *Evidence of Fantauzzi's Past Cooperation*

Washington submits that the district court erred in allowing the prosecution to elicit testimony from Victor Fantauzzi and a law enforcement officer about Fantauzzi's work as a confidential informant in other investigations.

#### a. *Relevancy Challenge*

■ Washington asserts that the evidence was irrelevant and, therefore, inadmissible under Fed.R.Evid. 402. We have long accorded district courts "broad discretion regarding the admission of evidence," *United States v. SKW Metals Alloys, Inc.*, 195 F.3d 83, 87 (2d Cir.1999), mindful that a trial judge is in a better position than a reviewing court to assess the probative value of proffered evidence relative to possible unfair prejudice, *see United States v. Valdez*, 16 F.3d 1324, 1332 (2d Cir.1994). We will reverse only if the district court's evidentiary ruling was "arbitrary and irrational." *United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir.2001); *see United States v. Salameh*, 152 F.3d 88, 110 (2d Cir.1998) (per curiam). That is not this case.

The defense, in its opening statement, had attacked Fantauzzi's credibility, promising to elicit testimony from him that would show the jury "what kind of a person he is, what his character is." Trial Tr. 22. Among the facts likely to be adduced to support this attack was Fantauzzi's receipt of both sentencing consideration and cash for his cooperation with the government. *United States v. Cosentino*, 844 F.2d 30, 32–33 (2d Cir.1988), instructs that the government may meet such an attack not only by eliciting the damaging information itself, but by placing it in a context that may support its own credibility argument. Fantauzzi's benefits had not, after all, derived exclusively from his cooperation against Washington; he had cooperated with various federal and state law enforcement officials in hundreds of drug purchases involving more than a score of targets. We conclude that the district court acted well within its discretion in admitting evidence of this broader cooperation.

#### b. *Constitutional Challenge*

■ Washington further argues that receipt of the challenged testimony violated his Sixth Amendment right to confrontation and his Fifth Amendment right to due process. As to the former, in *Delaware v. Fensterer*, 474 U.S. 15, 18, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985), the Supreme Court made clear that a Confrontation Clause violation can occur in only two situations: (1) when the district court erroneously admits out-of-court statements, or (2) when restrictions imposed by law or by the trial court impermissibly limit the scope of cross-examination. Neither circumstance is here at issue.

■ As to the Fifth Amendment, Washington argues that the challenged testimony somehow lowered the government's burden of proof, violating his right to due process. We disagree. The district court repeatedly instructed the jury that the

of New York, sitting by designation.

**42**

government had the burden to prove Washington's guilt beyond a reasonable doubt.

Accordingly, Washington's constitutional challenges are without merit.

### 2. *Obstruction of Justice*

■ Washington submits that the district court erred in imposing a two-level increase in his guideline offense level based on his perjurious trial testimony. *See* U.S.S.G. § 3C1.1. On this point, we review the district court's findings of fact for clear error and its legal determinations *de novo,* giving "due deference to the district court's application of the guidelines to the facts." *United States v. Cassiliano,* 137 F.3d 742, 745 (2d Cir.1998); *see United States v. Ben–Shimon,* 249 F.3d 98, 102 (2d Cir.2001) (per curiam).

"[T]o base a § 3C1.1 enhancement upon the giving of perjured testimony, a sentencing court must find that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." *United States v. Zagari,* 111 F.3d 307, 329 (2d Cir.1997); *accord United States v. Ben–Shimon,* 249 F.3d at 102. Here, the district court specifically found that each of these elements had been satisfied based upon the evidence adduced at trial, the contents of Washington's testimony, the jury verdict, and its own observation of Washington's demeanor during his testimony. Washington challenges several of the district court's factual conclusions, specifically those that he possessed the requisite mens rea, but we see no basis for concluding that these findings were clearly erroneous.

■ Washington also submits that the enhancement was improper because penalizing him for denying the charges "raises troubling constitutional issues on his right to testify and to present evidence." Ap-

pellant's Br. at 25. We disagree. As the district court noted, the Constitution does not provide the right to commit perjury. *See United States v. Dunnigan,* 507 U.S. 87, 96, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).

Because we conclude that Washington's arguments are uniformly unavailing, we AFFIRM the judgment of conviction.