**UNITED STATES of America,**
**Appellee,**

v.

**Michael GRIFFITH, Defendant–**
**Appellant.**

**Docket No. 03–1510.**

United States Court of Appeals,
Second Circuit.

June 18, 2004.

Gary Schoer, Syosset, NY, for Appellant.

Lee J. Freedman, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

PRESENT: WALKER, Chief Judge, B.D. PARKER, Circuit Judge, and MORDUE, District Judge.*

SUMMARY ORDER

Defendant-appellant Michael Griffith appeals from a judgment of the United States District Court for the Eastern District of New York (Carol B. Amon, *District Judge*), convicting him of possession of a firearm as a felon under 18 U.S.C. §§ 922(g)(1) and 922(a)(2) after a jury trial. Griffith was sentenced to a term of 32 months' imprisonment to be followed by a three-year term of supervised release. The 32 month sentence included a two-month enhancement for obstruction of justice pursuant to the United States Sentencing Guidelines § 3C1.1.

We summarize the following relevant facts. On August 21, 2002, while on routine patrol in an unmarked car in Brooklyn, Officer Edward Deighan saw Griffith and Cleveland Hainey sitting on the front staircase of an apartment. When Deighan

* The Honorable Norman A. Mordue, District Judge for the United States District Court for the Northern District of New York, sitting by designation.

noticed that one of the men was drinking a bottle of beer, he got out of the car and said: "Police, do you have a second?" The two men immediately stood up and ran down the steps, around the side of the staircase and toward a basement door which was underneath the staircase. Deighan saw the taller, heavier man (later identified as Griffith) push open the door, remove a gun from his waistband, and toss the gun aside as he ran into the basement apartment. Deighan and his partner followed the men into the apartment, apprehended them, and recovered the gun. The apartment was owned by Priscilla McClean, Hainey's mother.

We dispose of all of Griffith's arguments in this summary order except one which will be explained more fully in a published opinion. While we reject his argument that reversal is warranted based upon the district court's error in admitting into evidence Griffith's statements to pre-trial services, it is the subject of the separate published opinion to follow.

Griffith argues that the district court improperly permitted McClean and Hainey to invoke their Fifth Amendment privilege against self-incrimination. We disagree.

The Fifth Amendment privilege extends not only to those disclosures that in and of themselves would support a conviction, but also those that might "furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *United States v. Lumpkin*, 192 F.3d 280, 285 (2d Cir.1999) (quoting *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)). Both McClean and Hainey reasonably invoked their privilege here.

Griffith next challenges several evidentiary rulings. He first contends that the district court abused its discretion by declining to admit Hainey's hearsay statement to the government that he reached the doorway before Griffith under Fed. R.Evid. 804(b)(3) or, alternatively, under Fed.R.Evid. 807.[1] We review district court's decision to exclude evidence under 804(b)(3) for abuse of discretion. *See United States v. Doyle*, 130 F.3d 523, 544 (2d Cir.1997).

■ We agree with the district court insofar as it concluded that Hainey's statement was not "so far contrary to his penal interest" particularly after the government told him (prior to his statement) their theory of the case "that he wasn't the guy who had the gun, [and] didn't throw the gun." Moreover, that Griffith alone corroborated Hainey's statement is not, without additional corroboration, sufficiently reliable to indicate truthfulness. In sum, we do not find that Hainey's testimony qualified for admission under Fed.R.Evid. 804(b)(3). *See United States v. Tropeano*, 252 F.3d 653, 658 (2d Cir.2001) ("*Williamson* requires determination that each particular hearsay statement is self-inculpatory and does not permit admission of an entire narrative on ground that a portion is self-inculpatory.") (citing *Williamson v. United States*, 512 U.S. 594, 599–600, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994)); *United States v. Sasso*, 59 F.3d 341, 349 (2d Cir.1995); *United States v. Rodriguez*, 706 F.2d 31, 40 (2d Cir.1983); Fed.R.Evid. 804(b)(3)(The statement must have "so far tended to subject the declarant to civil or criminal liability . . . that a reasonable per-

1. The statement that Griffith sought to introduce was made in a pretrial interviews during which Hainey told the Government that he had been drinking and smoking marijuana in public with Griffith. Hainey also stated that he ran from the porch before Griffith when he saw the police and that, reaching the door before Griffith, he tried to slam the door behind him. Only the statement that Hainey ran off the porch and reached the doorway before Griffith is relevant to our inquiry.

son in the declarant's position would not have made the statement unless believing it to be true. . . . A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."). Similarly, for substantially the reasons stated by the district court, the refusal to admit Hainey's statement under Fed.R.Evid. 807 as lacking in circumstantial guarantees of trustworthiness was not improper. We, therefore, conclude that the district court did not abuse its discretion by excluding Hainey's hearsay statement.

Griffith further contends that the district court abused its discretion by admitting (a) statements he made during a prior arrest that were used to impeach his credibility; and (b) statements he made at the time he was apprehended for the instant conviction to show consciousness of guilt. These arguments are also without merit.

We also reject Griffith's challenge to the district court's *Batson* ruling for the government based on his claim that the reasons proffered by the government for striking three noncaucasian jurors were pretextual and not race-neutral.

We review a district court's *Batson* ruling with great deference and set aside the district court's findings of fact only if they are clearly erroneous. *See United States v. Taylor*, 92 F.3d 1313, 1326 (2d Cir.1996). The district court found the government's reasons to be race-neutral. We agree with the district court's finding that Griffith failed to prove that the government purposefully discriminated in striking the jurors at issue. See e.g., *Brown v. Kelley*, 973 F.2d 116 (2d Cir.1992)(finding that juror's hostile demeanor is a race-neutral reason to strike).

 Finally, Griffith maintains that the district court improperly enhanced his sentence under United States Sentencing Guidelines § 3C1.1 for having willfully obstructed justice by committing perjury when he testified at trial. The district court specifically found that Griffith gave false testimony that was material to whether he possessed the gun. Although the district court did not explicitly find that Griffith acted intentionally, its statement, "from my assessment of the witnesses in this case [and] my assessment of the testimony . . . I think the enhancement is appropriate[,]" was sufficient and the court's factual findings were supported by the record.[2] *See United States v. Ben–Shimon*, 249 F.3d 98, 102 (2d Cir.2001) (per curiam) ("[I]t is sufficient if the district court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury.") (internal quotation marks omitted); *see also United States v. Cassiliano*, 137 F.3d 742, 747 (2d Cir.1998) ("In determining the intent with which a defendant acted, the district court is entitled to rely on circumstantial evidence and on all reasonable inferences that may be drawn from all of the evidence."). The district court's factual findings are not clearly erroneous, nor is its ultimate finding that Griffith qualified for the section 3C1.1 enhancement in error.

We have considered all Griffith's arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the district court's judgment is hereby **AFFIRMED**.

---

**2.** In addition to Griffith's claim that he never possessed the gun, the District Court had ample basis for concluding that Griffith lied about material facts when, *inter alia*, he testified on direct that he was a minor when convicted for the underlying felony.