**UNITED STATES of America,
Appellee,**

v.

**Hector BARRIENTOS, Defendant–
Appellant.**

No. 01–1398(L), 01–1580(CON).

United States Court of Appeals,
Second Circuit.

Jan. 10, 2005.

Marc S. Berman, Clifton, NJ, for Appellant.

Brian E. Spears, Assistant United States Attorney, District of Connecticut, for Appellee.

Present: POOLER, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

On February 27, 2004, we issued an order affirming the convictions of each of Hector Barrientos's co-defendants and dismissing certain of Barrientos's arguments. However, we remanded to the district court for further factual findings relevant to an obstruction-of-justice enhancement to Barrientos's offense level. We retained jurisdiction pursuant to *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994). We now have received the district court's factual findings as well as supplemental briefing from the parties. We hold that the district court's findings are not clearly erroneous and that they include all the findings necessary for an obstruction-of-justice enhancement. *See United States v. Ben–Shimon*, 249 F.3d 98, 102–04 (2d Cir. 2001).

Barrientos also argues that his sentence should be vacated pursuant to *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). This argument lacks merit. *See United States v. Mincey*, 380 F.3d 102 (2d Cir.2004) (per curiam). However, the mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838, 2004 WL 1713654 (Aug. 2, 2004) (mem.) (accepting certiorari), and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838, 2004 WL 1713655 (Aug. 2, 2004) (mem.) (accepting certiorari). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its order that address defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until 14 days following the Supreme Court's decision to file sup-

plemental petitions for rehearing in light of *Booker* and *Fanfan.*

For the reasons we have discussed, we affirm the judgment of the district court.