**UNITED STATES of America,**
**Appellee,**

v.

**Ronald K. YOUNG, Defendant–**
**Appellant.**

**No. 07–1773–cr.**

United States Court of Appeals,
Second Circuit.

July 10, 2008.

B. Alan Seidler, New York, NY, for Defendant–Appellant.

Jonathan Green, Assistant United States Attorney (Benton J. Campbell, United States Attorney, on the brief; Emily Berger, Assistant United States Attorney, of counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for the United States.

PRESENT: ROGER J. MINER, JOSEPH M. McLAUGHLIN, and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Ronald K. Young appeals from the judgment of conviction entered against him after he was found guilty—at a bench trial on stipulated facts—of violating 8 U.S.C. § 1326(a) and (b)(2) by entering the United States unlawfully following his deportation after a conviction for an aggravated felony. On appeal, Young challenges: (1) the sufficiency of the evidence underpinning the District Court's determination that he was eligible for a sixteen-point enhancement to his total offense level, as calculated under the U.S. Sentencing Guidelines, based on a previous conviction from May 1987; (2) the District Court's pre-trial ruling that he "could not raise as a defense before a jury that [he] should be acquitted because he was promised by the agents, on behalf of the Government, that we would not be prosecuted ... if he cooperated with the Government at the time of his arrest," Pl. Br. 26; (3) the District Court's determination, at sentencing, that he had obstructed justice by committing perjury at a pre-trial hearing; (4) the District Court's refusal to reduce his offense level on the basis of acceptance of responsibility; and (5) the reasonableness of the sentence imposed upon him. We assume the parties' familiarity with the facts and the procedural history of the case.

We review the "factual determinations underlying [a district court's] application of the Sentencing Guidelines for clear error." *United States v. Rizzo*, 349 F.3d 94, 98 (2d Cir.2003). Accordingly, we will uphold a challenged factual finding as long as "the district court's account of the evidence is plausible in light of the record viewed in its entirety." *Id.*; *see also id.* (observing that "[a]t sentencing, disputed factual allegations must be proven by the government by a preponderance of the evidence—meaning that they are more likely than not true") (citation omitted).

U.S.S.G. § 2L1.2(b)(1)(A) calls for application of a sixteen-point enhancement

to the defendant's base offense level where, among other things, the defendant unlawfully re-entered the country after being convicted of a "felony ... drug trafficking offense for which the sentence imposed exceeded 13 months." The parties do not dispute that Young was, on May 6, 1987, convicted of criminal possession of a controlled substance in the third degree. Young contends, however, that because the written judgment and record of commitment issued after his May 1987 conviction provides no information about his conduct of conviction, the record lacks evidence to "support[ ] the view that [he] was convicted" of a trafficking offense—namely, "Possession of a Controlled Substance with the intent to sell." Pl. Br. 22. This is plainly incorrect. As the District Court noted when considering whether Young was eligible for the U.S.S.G. § 2L1.2(b)(1)(A) enhancement, the record evidence supporting application of the enhancement includes:

(1) Young's stipulation that his May 6, 1987 conviction for "Criminal Possession of a Controlled Substance in the Third Degree, in violation of New York Penal Law [§ ] 220.16(1)" [1] was "an 'aggravated felony' within the meaning of [8 U.S.C. §§ ] 1326(b)(2) and 1101(a)(43)," App. 48;

(2) Young's stipulation that he had been "sentenced to a term of imprisonment of one to three years" following the May 6, 1987 conviction, *id.;*

(3) the indictment on which Young's May 6, 1987 conviction was based, which sets forth—in support of the charge that Young was guilty of "Criminal Possession of a Controlled Substance in the Third Degree"— the factual allegation that Young

"knowingly and unlawfully possessed a narcotic drug ... with *intent to sell,*" Gov't App. 130 (emphasis added);

(4) a certificate of disposition from the New York Supreme Court declaring that "an examination of the records on file [with the Court]" indicates that Young was convicted of violating New York Penal Law § 220.16(1) on May 6, 1987, *id.* at 128.

Because the record, when taken as a whole, supports the District Court's findings of fact regarding Young's May 6, 1987 conviction, we reject Young's challenge to the application of the sixteen-point enhancement.

■ Young's second claim on appeal closely resembles a claim we considered in *United States v. Regan,* 103 F.3d 1072 (2d Cir.1997). Like Young, the defendant in *Regan* did not deny that he committed the conduct with which he was charged; instead, he sought to argue to the jury that his conduct was irrelevant in light of alleged misconduct by the Government. *Id.* at 1082. We upheld the district court's denial of defendant's attempt to do so. As we observed, despite the defendant's "attempt[ ] to characterize his claim ... as an affirmative defense" to his crime of conviction, his proposed argument clearly turned "not on the fact that his conduct was somehow blameless or justified, but rather on the notion that 'outrageous governmental conduct' required dismissal of the indictment." *Id.* at 1081–82. On that basis, we concluded that the defendant's argument was more appropriately directed to the court rather than to a jury. *Id.* at 1082; *see also id.* ("[W]e agree with the district court's decision to resolve for itself wheth-

---

1. N.Y. Penal Law § 220.16(1) provides that "[a] person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses ... a narcotic drug with intent to sell it."

er the government's conduct was lawful and to prevent [the defendant] from presenting evidence [to the jury] on that subject."); *United States v. Cuervelo,* 949 F.2d 559, 567 (2d Cir.1991) (noting that a motion to dismiss an indictment on the basis of outrageous governmental conduct "is a question of law directed to the trial judge"). We perceive no basis for distinguishing Young's second claim from the claim we rejected in *Regan.* Accordingly, we reject Young's second claim in light of our observations in *Regan.*

■ Young's challenge to the District Court's finding that he obstructed justice by committing perjury at a pre-trial hearing is also unavailing. After hearing testimony from Young and the federal agent whose apprehension of Young led to this criminal prosecution, the District Court determined that the claims of Government misconduct made by Young—who had also testified falsely about other matters—amounted to "false and perjurious statements [made] to influence the outcome of his case." App. 62. We review the factual findings underpinning the application of an obstruction-of-justice enhancement for clear error and the question of whether the facts found constitute obstruction of justice *de novo. See, e.g., United States v. Ayers,* 416 F.3d 131, 133 (2d Cir.2005). Upon review of the record, we perceive no clear error in the District Court's factual findings. *See Cifra v. Gen. Elec. Co.,* 252 F.3d 205, 213 (2d Cir.2001) (noting that "decisions as to whose testimony to credit and which ... permissible inferences to draw are solely within the province of the trier of fact"); *see also United States v. Isiofia,* 370 F.3d 226, 232 (2d Cir.2004) (noting that "where ... findings [of fact] are based on credibility determinations, even greater deference [than usual] is required, 'for only the [court hearing the evidence] can be aware of the variations in

demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.'" (quoting *Anderson v. Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). Furthermore, we identify no legal error in the District Court's conclusion that Young falsely alleged government misconduct in the hopes of obtaining a dismissal of the indictment charging him with unlawful reentry. For these reasons, we conclude that the District Court appropriately applied an enhancement for obstruction of justice when calculating Young's total offense level under the U.S. Sentencing Guidelines. *Cf. United States v. Ben–Shimon,* 249 F.3d 98, 102 (2d Cir.2001) ("[A]n enhancement for obstruction of justice based on perjured testimony may be imposed ... where the sentencing court finds that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter.") (internal quotation marks omitted).

"A reduction for acceptance of responsibility is ... unavailable, absent extraordinary circumstances, to a defendant properly found to merit an obstruction-of-justice enhancement." *United States v. McLeod,* 251 F.3d 78, 82 (2d Cir.2001) (internal quotation marks omitted). Young points to no circumstances that suggest his is an "extraordinary" case. Accordingly, we reject Young's claim that the District Court "erroneously" failed to "credit [him] with a reduction for acceptance of criminal responsibility under ... U.S.S.G. § 3E1.1." Pl. Br. 26.

Review of the record reveals no errors that would render Young's sentence procedurally or substantively unreasonable. *See, e.g., United States v. Jones,* 531 F.3d 163, 170 (2d Cir.2008) (observing that we will deem a sentence procedurally unreasonable if the district court committed any

of the following errors: "(1) 'failing to calculate (or improperly calculating) the Guidelines range,' (2) 'treating the Guidelines as mandatory,' (3) 'failing to consider the 18 U.S.C. § 3553(a) factors,' (4) 'selecting a sentence based on clearly erroneous facts,' or (5) 'failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range' " (quoting *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007) (alterations omitted))); *id.* ("In the absence of any ... procedural error, *Gall* instructs that substantive reasonableness reduces to a single question: 'whether the District Judge abused his discretion in determining that the § 3553(a) factors supported' the sentence imposed." (quoting *Gall,* 128 S.Ct. at 600)). Accordingly, we reject Young's challenge to the reasonableness of the sentence imposed upon him.

Having considered all of Young's arguments on appeal and found them to be without merit, we hereby AFFIRM the judgment of the District Court.