09-3901-cv
*Radecki v. GlaxoSmithKline*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand ten.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*[*]

_____

D. BRIAN RADECKI,
> *Plaintiff-Appellant*,

-v.-                                    No. 09-3901-cv

GLAXOSMITHKLINE,
> *Defendant-Appellee*.[**]

_____

> CRAIG T. DICKINSON, Dickinson & Mallow, Waterbury, CT, *for* Plaintiff-Appellant.

> FELIX J. SPRINGER (Stacy Smith Walsh, *on the brief*), Day Pitney LLP, Hartford, CT, *for* Defendant-Appellee.

---

[*]At the time of oral argument, Judge Chin was a member of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption in this case to conform to the listing of the parties stated above.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Appellant D. Brian Radecki ("Radecki") appeals from an August 21, 2009, opinion of the United States District Court for the District of Connecticut (Thompson, *J.*) granting the motion of Defendant-Appellee GlaxoSmithKline ("GSK") to dismiss with prejudice as a sanction for perjury. We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

We review the district court's decision to impose sanctions under its inherent power for abuse of discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991); *United States v. Seltzer*, 227 F.3d 36, 39 (2d Cir. 2000). "Whether a litigant was at fault or acted willfully or in bad faith are questions of fact, and we review the District Court's determinations for clear error." *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

"A witness testifying under oath or affirmation" commits perjury if he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). Perjury is committed with willful intent when "made 'with the specific purpose of obstructing justice,'" and the material matter must be "material to the proceeding in which it is given." *United States v. Ben-Shimon*, 249 F.3d 98, 102 (2d Cir. 2001) (quoting *United States v. Zagari*, 111 F.3d 307, 329 (2d Cir. 1997)).

We find that the district court did not commit clear error in its determination that Radecki gave willfully false testimony concerning a material matter. The record shows

that Radecki stated that he stopped looking for work "[b]ecause . . . I learned that I had – have Stage III prostate cancer with a metastatic brain lesion." His medical records indicate that this statement was false as to the brain lesion. Moreover, Radecki's deposition evidences that he was aware at the time that he testified that he did not have and had never had such a lesion. Radecki relies on an initial statement by the district court that the specifics of Radecki's medical condition were "not material" to suggest that the testimony did not concern a material matter. This off-the-cuff, oral statement, made when all parties believed Radecki's statement to be truthful and were attempting to craft a remedy accordingly, did not constitute a ruling on the materiality of Radecki's statement to the proceeding and in no way undercuts the district court's later, well-reasoned written decision, made with the benefits of briefing from the parties and a review of the record, that Radecki's statement did constitute perjury.

We also find that the district court did not abuse its discretion in granting the motion to dismiss with prejudice. Although dismissal is a "harsh sanction" and we therefore generally require a district court to consider the appropriateness of lesser remedial measures, *In re Harris*, 464 F.3d 263, 272 (2d Cir. 2006), a showing of "willfulness, bad faith, or fault on the part of the sanctioned party" may nonetheless justify such measures. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). As the Supreme Court has stated, "[f]alse testimony in a formal proceeding is intolerable" and therefore "[p]erjury should be severely sanctioned in appropriate cases." *ABF Freight Sys., Inc. v. NLRB*, 510 U.S. 317, 323 (1994). Here, the district court thoughtfully considered the nature and motivation of the perjured testimony, Radecki's later attempt to conceal the perjury with additional misleading statements to the court, the

prejudice to GSK, and the affront to the court that would be tolerated by imposition of a lesser sanction and concluded that dismissal was warranted. This was not an abuse of the district court's inherent power to sanction.

We have considered all of the parties' remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby affirmed.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk