**UNITED STATES of America,**
**Appellee,**

v.

**Antonia TYSON, also known as Tony Tyson, Defendant–Appellant.**

No. 06–1727–cr.

United States Court of Appeals, Second Circuit.

Oct. 12, 2007.

---

Charles F. Willson, Nevins & Nevins LLP, East Hartford, CT, for Appellant.

Paul Vandegraaf, Assistant United States Attorney for the District of Vermont, Burlington, VT, for Appellee.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Antonia Tyson appeals a sentence of forty-two months' imprisonment imposed on him after his plea of guilty to mail fraud and money laundering.

First, we may not consider Tyson's argument that the court erred when it failed to grant him a downward departure. *See United States v. Scott,* 387 F.3d 139, 143 (2d Cir.2004). We will not review a district court's refusal to downwardly depart unless a violation of law has occurred, the Guidelines were misapplied, or the district court mistakenly believed that it lacked authority to depart. *See id.* None of these exceptions apply in this case.

Nor—assuming that the district court correctly found that Tyson's sentence should be enhanced for obstruction of justice—was the sentence imposed procedurally or substantively unreasonable. Other than his argument concerning the obstruction-of-justice enhancement, Tyson alleges no error in calculating his sentence. Rather, he argues that the court did not give sufficient weight to his family circumstances. Because "we will not second guess the weight (or lack thereof) that the judge accorded to a given factor" as long as a sentence is reasonable and the judge

made no procedural errors, this argument lacks merit. *United States v. Fernandez,* 443 F.3d 19, 34 (2d Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006); *see also id.* at 27 ("[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.").

With respect to the obstruction-of-justice enhancement, the court would benefit from more specific findings by the district court. An obstruction-of-justice enhancement may be imposed upon the district court's findings

> that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter. Perjury is committed willfully where it is made with the specific purpose of obstructing justice, and materially where it is material to the proceeding in which it is given.

*United States v. Ben–Shimon,* 249 F.3d 98, 102 (2d Cir.2001) (internal citation and quotation marks omitted); *see also United States v. Zagari,* 111 F.3d 307, 329 (2d Cir.1997) (holding that in a case that, like this one, involves alleged perjury in a related proceeding, the false testimony must be material both to the related proceeding and to the instant criminal prosecution). While the district court's views on these issues arguably can be inferred from the findings it did make, the court did not make explicit findings pursuant to *Ben–Shimon* and *Zagari.*

We therefore remand pursuant to *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994) for such findings. Within fifteen days of the date of the district court's making its findings, defendant, if he wishes to continue his appeal, should file the findings with the court. The clerk will then return the matter to this panel,

which will determine whether further briefing and/or oral argument is required.