**UNITED STATES of America,
Appellee,**

v.

**Antonia TYSON, also known as Tony Tyson, Defendant–Appellant.**

**No. 06–1727–cr.**

United States Court of Appeals,
Second Circuit.

July 16, 2009.

Charles F. Willson, Nevins & Nevins LLP, East Hartford, CT, for Appellant.

Paul Vandegraaf, Barbara A. Masterson, Gregory L. Waples, Assistant United States Attorneys for Thomas D. Anderson, United States Attorney for the District of Vermont, Burlington, VT, for Appellee.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER, and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

This case returns to us after a remand pursuant to *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994), for findings concerning the materiality to both the state agency proceeding in which it was given and the instant federal prosecution of Antonia Tyson's perjurious testimony concerning the conduct underlying the instant criminal offense, which was the basis for an obstruction-of-justice enhancement pursuant to U.S.S.G. § 3C1.1. *See United States v. Tyson*, 250 Fed.Appx. 418, 419 (2d Cir.2007) (summary order). In our prior order, we rejected Tyson's additional challenges to his sentence. Tyson did not challenge his conviction.

In its order on remand, the district court set out findings—in which we find no clear error—adequately supporting its conclusion that Tyson's false statements were material both to the state proceeding and to the criminal prosecution. *See United States v. Zagari*, 111 F.3d 307, 329 (2d Cir.1997) (holding that where the alleged perjury underlying an obstruction-of-justice enhancement occurs in a proceeding related to the criminal prosecution, the false testimony must be material both to the related proceeding and to the instant criminal prosecution). It is not crucial, as defendant contends, that the federal prosecution or investigation commence prior to the perjurious testimony in the state proceeding. *See United States v. Fiore*, 381 F.3d 89, 94 (2d Cir.2004) (explaining that perjury in a prior administrative proceeding "necessarily obstructs—if successful, by preventing—the subsequent [criminal] investigation"). We also reject Tyson's claim that *Fiore* must be distinguished on the basis that it involved a parallel federal administrative proceeding rather than a state proceeding as in this case because the suggested distinction is not material. *See United States v. Ayers*, 416 F.3d 131, 133–35 (2d Cir.2005) (upholding the imposition of an obstruction enhancement where the obstructive conduct took place in a state criminal investigation conducted prior to the federal criminal prosecution).

Therefore, we affirm the judgment of the district court.