62 F.3d 41
 UNITED STATES of America, Appellee,
v.
William Albert CATANO-ALZATE, also known as William Gilberto
Canto, Adriana Norena-Mejia, Thomas Gross, Elcy
Osorio-Gomez, Rene Quiceno-Bedoya, Olga Perdomo-Ospina,
Carlos Vasoyez-Agudelo, Jaime Vasquez-Agudelo, Emelia
Zuleta-Degonzalez, Edgar Norena-Mejia, Jorge Uribe-Posada,
Carlos Alberto Catano-Gil, also known as Andres Correa, and
Alberto Jaime Catano-Alzate, Defendants,
Marco Tulio Gallo-Lopez, Defendant-Appellant.
 Nos. 94-1495(L), 94-1621.
 United States Court of Appeals,
Second Circuit.
 Argued July 17, 1995.
Decided July 21, 1995.
 
 Steven M. Statsinger, Legal Aid Society, Federal Defender Div. Appeals Bureau, New York City, for defendant-appellant.
 Donald T. Kinsella, Asst. U.S. Atty., N.D.N.Y., Albany, NY (Thomas J. Maroney, U.S. Atty., N.D.N.Y., of counsel), for appellee.
 Before: WINTER, CALABRESI and CABRANES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marco Tulio Gallo-Lopez appeals the sentence imposed by Chief Judge McAvoy after a jury convicted Gallo-Lopez of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846, and two counts of distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Gallo-Lopez contends that the district court failed to make sufficiently specific findings of fact in imposing a two-level enhancement for obstruction of justice under U.S.S.G. Sec. 3C1.1. We agree.
 
 
 2
 U.S.S.G. Sec. 3C1.1 provides for a two-level increase in offense level if the defendant "willfully obstructed or impeded or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Perjury is a "type[ ] of conduct to which this enhancement applies." Id., comment. (n. 3).
 
 
 3
 At sentencing, Gallo-Lopez argued that an enhancement under Section 3C1.1 would be inappropriate because he did not obstruct justice or perjure himself at trial. Gallo-Lopez had testified that he did not know of the conspiracy or of the presence of drugs in the car in which he was a passenger. The district court enhanced appellant's offense level under Section 3C1.1, stating:
 
 
 4
 Also, the Court thinks that the testimony given at trial was not the truth and was material falsehood as the Probation Department has indicated and, therefore, the Court is going to assign the two levels for obstruction. The Court is not assigning the two levels because the defendant chose to testify at trial. It's because he chose to testify and not be truthful, as far as I understand it. I am making those findings by a preponderance of evidence.
 
 
 5
 We believe that the district court failed to support its two-level enhancement with sufficient factual findings, as required by United States v. Dunnigan, --- U.S. ----, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993).
 
 In Dunnigan, the Supreme Court held that
 
 6
 [I]f a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same.... When doing so, it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding.
 
 
 7
 Id. at ----, 113 S.Ct. at 1117; see also United States v. Scotti, 47 F.3d 1237, 1251-52 (2d Cir.1995). Dunnigan's requirement of fact-finding insures that courts will not automatically enhance sentences whenever the accused takes the stand and is thereafter found guilty. Dunnigan, --- U.S. at ----, 113 S.Ct. at 1118. We have held that separate findings of fact regarding the alleged perjury are encouraged but not required as long as " 'a general finding of obstruction ... tracks those factual predicates necessary to support a finding of perjury.' " United States v. Fan, 36 F.3d 240, 247 (2d Cir.1994) (quoting United States v. Shonubi, 998 F.2d 84, 88 (2d Cir.1993)). In applying Section 3C1.1, the district court included neither specific factual findings nor language indicating that the proper factual predicates were established. Moreover, this is not a case where the testimony wove such an inherently unbelievable tale or was so against the weight of the evidence that the factual predicates are obvious.
 
 
 8
 The government contends that the district court made the requisite findings when it determined that Gallo-Lopez was a minor participant, as opposed to a minimal participant, under U.S.S.G. Sec. 3B1.2. In that connection, the court stated,
 
 
 9
 [T]he Court's convinced that the defendant knowingly and willfully participated in transporting the cocaine from New York City to the Albany area. If I were to believe that he absolutely didn't know that there were any drugs located in that vehicle, I would say then that's because he consciously avoided knowing it. Because all the circumstances that I heard produced by the evidence at the trial would lead any person of ordinary intelligence to understand what was happening there in connection with bringing the package from New York City to Albany under the conditions of that date.
 
 
 10
 However, this statement is not sufficient to support an enhancement for obstruction of justice. It implies that Gallo-Lopez may have actually believed that no drugs were in the car, but that such a belief would be unreasonable and therefore constitute "conscious avoidance." The doctrine of conscious avoidance permits an inference of actual knowledge of a particular fact "(1) if a person is aware of a high probability of [the fact's] existence, (2) unless he actually believes that it does not exist." United States v. Feroz, 848 F.2d 359, 360 (2d Cir.1988) (per curiam); see also United States v. Rodriguez, 983 F.2d 455, 458 (2d Cir.1993) (defendant could defeat inference of knowledge created by "conscious avoidance" by persuading jury that she actually believed that suitcase did not contain controlled substance). Thus, the doctrine of conscious avoidance does not permit a finding of guilty knowledge if the defendant actually did not believe that he or she was involved in the transportation of drugs, however irrational that belief may have been. If appellant "absolutely didn't know that there were any drugs located in that vehicle," therefore, his sentence could not be enhanced for obstruction of justice.
 
 
 11
 To be sure, the district judge also stated that he believed that appellant acted with guilty knowledge. However, the statement "If I were to believe that he absolutely didn't know that there were any drugs located in the vehicle" suggests a possibility in the judge's mind that Gallo-Lopez told the truth--that he indeed did not know that cocaine was in the car. To commit perjury, a witness must give "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." Dunnigan, --- U.S. at ----, 113 S.Ct. at 1116. If Gallo-Lopez truthfully testified that he did not know that drugs were in the car, he did not commit perjury, even if his belief was irrational or mistaken.
 
 
 12
 We therefore remand for further findings with regard to whether appellant committed perjury, and if the judge so finds, a more specific statement of the factual predicates. If the judge finds that appellant did not commit perjury, Gallo-Lopez should be resentenced.