12-1044-cr
*United States v. Liu*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand and thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> DEBRA A. LIVINGSTON,
> > *Circuit Judges*,
> JESSE M. FURMAN,
> > *District Judge.**

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 No. 12-1044-cr

JIANJUN LIU, AKA YI GOR, AKA COUSIN BINDI,

> *Defendant-Appellant.*

---

---

\* The Honorable Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLEE:**                                Jo Ann M. Navickas, Elizabeth A. Geddes
                                                      (Assistant United States Attorneys), *for* Loretta
                                                      E. Lynch, United States Attorney for the
                                                      Eastern District of New York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**          Michael P. Joseph, Kliegerman & Joseph,
                                                      LLP, New York, NY.

Appeal from a judgment of conviction and imposition of sentence entered on March 15, 2012, by the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Jianjun Liu ("Liu" or "defendant") appeals from the District Court's judgment of conviction, following a jury trial, for extortion conspiracy and extortion, both in violation of the Hobbs Act, 18 U.S.C. §1951(a). On appeal, Liu argues that the District Court erred by not granting his motion for judgment of acquittal (based on venue), not submitting the issue of venue to the jury, and in imposing a two-level enhancement for obstruction of justice to his sentence. We assume the parties' familiarity with the facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

This case arose after the Jing Ling Bus Company ("bus company") contacted the Federal Bureau of Investigation ("FBI") to report a threat to the company's bus routes. With the consent of

the bus company, the FBI thereafter recorded a series of telephone conversations on August 25th and 26th, 2010 between defendant, or his associates, and Lun Dong Chen ("Chen"), the owner of the bus company. The jury heard testimony at defendant's trial that on August 25, 2010, Liu made a threat to Chen to either pay $50,000, or face the possibility that the safety of the bus company's drivers and vehicles would be put in jeopardy. On August 27, 2010, with the assistance of the FBI, Chen met with defendant's cousin, Jian Hao Liu ("Jian"), and two other men in a parking lot in Worcester, Massachusetts, to deliver $10,000 as an initial payment towards Liu's demands.

Liu, Jian, and other associates were subsequently arrested. At his trial, Liu moved for a judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, claiming that a connection to the Eastern District of New York had not been sufficiently made to establish venue. The District Court heard argument from counsel but reserved decision on the issue. As the trial progressed, Liu elected to testify on his own behalf, and asserted a defense of duress. In particular, he testified that Jian had told him that Liu's wife and child would be in danger if he did not make the extortionate demands of Chen over the phone. On August 3, 2011, the jury returned a guilty verdict on both counts of the indictment. At a March 9, 2012 sentencing hearing, the District Court made an "independent determination that [Liu's] testimony [at trial] was material and was, in fact, false," and imposed a two-level enhancement for obstruction of justice to his sentence. On March 15,

2011, the District Court imposed a sentence of 46 months' imprisonment, three years' supervised release, a $2,000 fine and a $200 special assessment on defendant. This timely appeal followed.

**DISCUSSION**

We review defendant's venue claims, challenging the denial of his motion for a judgment of acquittal and challenging the sufficiency of the evidence supporting a finding of venue, *de novo* and we view the evidence in the light most favorable to the government. *See United States v. Davis*, 689 F.3d 179, 185 (2d Cir. 2012); *United States v. Pizzonia*, 577 F.3d 455, 462 (2d Cir. 2009). However, "[w]e apply a mixed standard of review to [a defendant's claim regarding an] obstruction-of-justice enhancement[] in [his] sentencing." *United States v. Bliss*, 430 F.3d 640, 646 (2d Cir. 2005). Thus, we "review the [District Court's] interpretation of the Sentencing Guidelines *de novo*, but review its related findings of fact only for clear error," *United States v. Potes–Castillo*, 638 F.3d 106, 108 (2d Cir. 2011), including "what acts were performed, what was said, what the speaker meant by [his] words, and how a listener would reasonably interpret those words." *Bliss*, 430 F.3d at 646.

On appeal, Liu argues that the District Court erred in that it (1) did not grant his Rule 29 motion for a judgment of acquittal for improper venue, both because it reserved decision without explicitly ruling upon the matter and also based upon the merits of his venue claim, and (2) that it did not submit the issue of venue to the jury.

4

**A.**

Addressing Liu's arguments in turn, we hold that while the District Court did not explicitly state its denial of Liu's Rule 29 motion, its subsequent entry of a judgment of conviction makes plain that it denied the motion. We note, also, that Liu never renewed his Rule 29 motion. Accordingly, although we are given some pause by the District Court's failure to rule explicitly on the issue after reserving judgment on it, we find no merit to Liu's claim that the District Court's mere failure to record its denial of his Rule 29 motion requires a reversal of his conviction.

We likewise find no merit to Liu's claim that the action lacked proper venue. We have explained that "[b]ecause the Hobbs Act criminalizes a particular type of 'robbery'—i.e., one that 'obstructs, delays, or affects commerce,' [18 U.S.C.] § 1951(a)—venue for a substantive Hobbs Act charge is proper in any district where interstate commerce is affected or where the alleged acts took place." *Davis*, 689 F.3d at 186 (some internal quotation marks omitted). Further, we have "consistently held that only a *de minimis* showing is necessary to establish the interstate nexus required for Hobbs Act jurisdiction." *United States v. Silverio*, 335 F.3d 183, 186 (2d Cir. 2003). At trial, the parties stipulated that interstate commerce had been affected and the Government presented evidence—in the form of testimony explaining the bus company's customer base and ticket sales in the Eastern District of New York—sufficient for the District Court to find that the

5

conduct with which Liu was charged affected interstate commerce in that district. On this record, we find that venue was properly laid in the Eastern District.

Liu also argues that the District Court failed to charge the jury on the issue of venue. We have noted that "a question might be raised as to whether venue disputes must, in fact, be submitted to a jury." *Davis*, 689 F.3d at 185 n.2. We need not decide that question here, however, because Liu has waived this argument on appeal. "[T]he law treats objections to venue as waived unless 'specifically articulated' in defense counsel's motion for acquittal." *United States v. Rommy*, 506 F.3d 108, 119 (2d Cir. 2007) (some internal quotation marks omitted). Here, defendant argued that improper venue was grounds for a judgment of acquittal generally, but did not argue that the issue should be submitted to the jury. *See United States v. Bala*, 236 F.3d 87, 96 (2d Cir. 2000) (holding a venue argument waived "[b]ecause [defendant] never articulated an objection to *venue on this point*" (emphasis supplied)). Nor did Liu object to the District Court's proposed jury charge, despite being afforded multiple opportunities to do so. In these circumstances, we conclude that Liu did not "specifically articulate[]" that the issue of venue should be submitted to the jury. *Rommy*, 506 F.3d at 119. As a result, Liu has waived this argument on appeal and we do not consider it here.

**B.**

Liu also claims on appeal that the District Court erred in imposing an obstruction of justice enhancement to his sentence based on perjury in his testimony at trial. It is well-established that

6

perjury at trial may form the basis of a two-level sentencing enhancement. *See* U.S.S.G. § 3C1.1. To apply the enhancement, a "sentencing court must find that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." *United States v. Salim*, 549 F.3d 67, 73 (2d Cir. 2008); *see also United States v. Dunningan*, 507 U.S. 87, 94 (1993) (holding that a witness commits perjury if she "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory"). The Supreme Court has held that, when confronted with a defendant's objection to an obstruction of justice enhancement, "a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same." *Dunningan*, 507 U.S. at 95. We have subsequently held "that separate findings of fact regarding the alleged perjury are encouraged but not required as long as a general finding of obstruction tracks those factual predicates necessary to support a finding of perjury." *United States v. Catano-Alzate*, 62 F.3d 41, 42 (2d Cir. 1995) (internal quotation marks and alterations omitted); *see also Dunningan*, 507 U.S. at 95 (noting that separate findings for "each element of the alleged perjury" is "preferable"). These requirements are satisfied when the "district court [ ] find[s] that the defendant knowingly made a false statement under oath." *United States v. Williams*, 79 F.3d 334, 337 (2d Cir. 1996).

Liu argues on appeal that the District Court did not make the requisite findings to impose an obstruction of justice enhancement on his sentence. We disagree. Among other determinations, the District Court specifically found that Liu's sworn testimony at trial "was material and it was false." Additional findings were not required. Accordingly, we find no error in the District Court's imposition of an obstruction justice enhancement on defendant's sentence.

## CONCLUSION

We have considered all of Liu's arguments on appeal and find them to be without merit. Accordingly, the District Court's judgment of March 15, 2012 is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk