18-1994-cr(L)
United States v. Rosario

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2020

(Argued: December 2, 2020          Decided: February 23, 2021)

Docket Nos. 18-1994-cr(L), 19-2399(CON)

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

IVAN ROSARIO, AKA "GHOST,"

*Defendant-Appellant.*

_____

Before:

SACK, CHIN, and LOHIER, *Circuit Judges.*

We consider whether the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*) made the factual findings required under United States v. Dunnigan, 507 U.S. 87 (1993), before applying an obstruction of justice enhancement under U.S.S.G. § 3C1.1.  Because the District Court did not make the necessary findings at sentencing, the case is REMANDED IN PART for further proceedings consistent with this opinion. In a separate summary order filed simultaneously with this opinion, we dispose of Rosario's remaining claims.

MICHAEL P. JOSEPH, Kliegerman & Joseph, LLP, New York, NY, *for* Defendant-Appellant Ivan Rosario.

JOSEPH VIZCARRONDO, Assistant United States Attorney (Marc H. Silverman, Assistant United States Attorney, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT, *for* Appellee United States of America.

PER CURIAM:

Defendant-Appellant Ivan Rosario appeals from a judgment of the United States District Court for the District of Connecticut (Bryant, J.), after a jury trial, sentencing him principally to a term of 210 months' imprisonment. As relevant here, Rosario objects to the District Court's imposition of a two-level sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1 relating to his trial testimony. He argues that the District Court did not make the findings of fact required before imposing the enhancement. We agree and **REMAND IN PART** to the District Court for further proceedings consistent with this opinion. In a separate summary order filed simultaneously with this opinion, we dispose of Rosario's remaining claims.

## BACKGROUND

Rosario was charged with various firearms offenses and conspiring to distribute heroin, as well as witness tampering with intent to influence or

2

prevent testimony, in violation of 18 U.S.C. §§ 1512(b)(1), (b)(2)(A), and (j), and causing or inducing any person to destroy evidence, in violation of 18 U.S.C. §§ 1512(b)(2)(B) and (j). At trial, the Government introduced evidence that Rosario had coerced his child's mother (who was not his wife, as Rosario was married to another woman) and his own mother to destroy a mobile phone so that it could not be used as evidence against him on the drug conspiracy charge. In response, Rosario testified that he asked his child's mother to destroy the phone because it contained recordings of "intimate moments" between them and he did not want his wife to discover those videos. See App'x at 258–59, 263. Rosario denied that he ordered the phone destroyed because it held incriminating evidence of his participation in the heroin conspiracy. The jury acquitted Rosario of unlawful possession of a firearm and obstruction of justice based on witness tampering; it was unable to reach a verdict as to the narcotics conspiracy count; and it convicted Rosario of obstruction of justice based on destruction of evidence.

At sentencing, the District Court observed that "the Government is proposing that the Court add two additional points for the defendant's untruthfulness, his perjurious testimony, indicating that he requested the

3

phone be destroyed not because it contained incriminating evidence but because he did not want [his wife] to know that he had consorted with [his child's mother]." App'x at 441. The District Court later added the following:

> There is no doubt here, no doubt whatsoever, that [Rosario] elicited the aid of his mother, . . . and the mother of his child, . . . his paramour at the time, to destroy evidence to evade prosecution and conviction for the charge of conspiracy to distribute and the possession with intent to distribute more than a kilo of heroin.

App'x at 475. Over Rosario's objection, the District Court then applied the two-level enhancement under § 3C1.1 for committing perjury. Rosario was sentenced principally to a term of 210 months' imprisonment.

## DISCUSSION

We consider de novo whether the District Court's factual findings in support of its perjury enhancement pursuant to U.S.S.G. § 3C1.1 complied with the requirements of United States v. Dunnigan, 507 U.S. 87 (1993). See United States v. Ben-Shimon, 249 F.3d 98, 102 (2d Cir. 2001). Section 3C1.1 provides for a two-level enhancement of the offense level if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction" and the obstructive conduct

4

related to the defendant's offense of conviction or a closely related offense. U.S.S.G. § 3C1.1. The Guidelines caution that if, as here, a defendant is convicted for obstruction of justice, the § 3C1.1 enhancement "is not to be applied to the offense level for that offense except if a significant further obstruction occurred during the investigation, prosecution, or sentencing of the obstruction offense itself (e.g., if the defendant threatened a witness during the course of the prosecution for the obstruction offense)." U.S.S.G. § 3C1.1 cmt. 7.

In <u>Dunnigan</u>, the Supreme Court held that "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings." 507 U.S. at 95. The Court explained that the "concern that courts will enhance sentences as a matter of course whenever the accused takes the stand and is found guilty" is "dispelled" precisely because "the trial court must make findings to support all the elements of a perjury violation in the specific case." <u>Id.</u> at 96–97. Echoing <u>Dunnigan</u>, we have reasoned that a rigid "requirement of fact-finding" ensures "that courts will not automatically enhance sentences

whenever the accused takes the stand and is thereafter found guilty." United States v. Catano-Alzate, 62 F.3d 41, 42 (2d Cir. 1995).

Any sentence enhancement for perjured trial testimony implicates a defendant's constitutional right to testify in his or her own defense. See Rock v. Arkansas, 483 U.S. 44 (1987). The Supreme Court has therefore directed district courts to "make findings to support all the elements of a perjury violation in the specific case," Dunnigan, 507 U.S. at 97 — namely, "that the defendant (1) willfully and (2) materially (3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter," United States v. Thompson, 808 F.3d 190, 194–95 (2d Cir. 2015) (quotation marks omitted). "[I]t is preferable for a district court to address each element of the alleged perjury in a separate and clear finding," although the court can also satisfy these requirements by finding "an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." Dunnigan, 507 U.S. at 95.

District courts must take these instructions seriously. In Catano-Alzate, we concluded that the district court's factual findings were inadequate because it said only that "the Court thinks that the testimony given at trial

6

was not the truth and was material falsehood . . . . [Defendant] chose to testify and not be truthful, as far as I understand it. I am making those findings by a preponderance of the evidence." 62 F.3d at 42. In United States v. Williams, we held that "the district court fell short of making the necessary findings" when it stated only that "[b]ased upon the whole record that I have seen [and] the testimony I have heard, [the defendant] obstructed justice." 79 F.3d 334, 337 (2d Cir. 1996) (quotation marks omitted). As a result, we determined that "[t]he record d[id] not contain the required finding that [the defendant] knowingly made a false statement under oath." Id. at 337. More recently, in Thompson, we determined that relying merely on a pre-sentence report's statements that "[t]he Court expressly characterized [the defendant's] testimony as equivocal, inconsistent, and contradictory," and that the testimony "could not be credited," failed to satisfy the requirements of Dunnigan. 808 F.3d at 194–95.

In defense of the perjury enhancement at issue here, the Government relies largely on the District Court's statement at sentencing that "[t]here is no doubt . . . that [Rosario] elicited the aid of his mother, . . . and the mother of his child, . . . his paramour at the time, to destroy evidence to evade

7

prosecution and conviction for the charge of conspiracy to distribute and the possession with intent to distribute more than a kilo of heroin." App'x at 475. For the first time, the Government suggested at oral argument that the District Court's order denying Rosario's Rule 29 motion contained the necessary findings. See Oral Arg. at 17:04–17:36. In that order, the District Court explained that "the jury could have found Mr. Rosario's proffered explanation for why he wanted the telephone destroyed not credible." Special App'x at 7.

We disagree that either of these statements is enough to satisfy the Dunnigan requirement.[1] In neither did the District Court make the findings we have demanded. For example, the District Court did not identify the "statements on which the perjury finding was grounded." Ben-Shimon, 249 F.3d at 104. Nor did it make "explicit findings that [defendant's]

---

[1] We hesitate to rely on the District Court's order denying Rosario's Rule 29 motion for two additional reasons. First, in the context of a Rule 29 motion, the District Court need only have asked whether any rational fact finder could have found Rosario's testimony not credible, see United States v. Martoma, 894 F.3d 64, 72 (2d Cir. 2017), not whether Rosario intentionally, willfully, and materially committed perjury, see Dunnigan, 507 U.S. at 97. Second, the factual findings to support a perjury enhancement in response to a defendant's objection to the enhancement must be provided at sentencing. See, e.g., Ben-Shimon, 249 F.3d at 102–03.

8

testimony . . . was intentionally false," United States v. Norman, 776 F.3d 67, 84 (2d Cir. 2015), or that Rosario "knowingly made a false statement under oath," Williams, 79 F.3d at 337.  We see no discussion, let alone a finding, of whether Rosario "consciously acted with the purpose of obstructing justice." United States v. Zagari, 111 F.3d 307, 328 (2d Cir. 1997) (quotation marks omitted).

The Government invites us to review the district court record ourselves to determine that Rosario obviously perjured himself.  We decline to do so.  In Ben-Shimon, we concluded that it "does not suffice for us to decide that [the defendant] made obvious misrepresentations" because "the district court was nonetheless required to reference the statements on which the perjury finding was grounded."  249 F.3d at 104; see also Williams, 79 F.3d at 337 (explaining that while it "may be true" that defendant's "testimony was so inherently untruthful that the factual prerequisites to a perjury enhancement are obvious," this "cannot relieve the district court of the burden of making its own independent findings").  "Nothing in Dunnigan can be read to suggest that a separate finding of willful perjury is unnecessary where the perjury is obvious."  Williams, 79 F.3d at 337.  Whatever we think of the evidentiary

9

record, the District Court was separately required to make specific factual findings to support the application of the perjury enhancement. Because the District Court failed to make those findings, we remand to permit it to do so in the first instance.

**CONCLUSION**

For the foregoing reasons, the case is **REMANDED IN PART** to the District Court to make any further findings in support of its enhancement under § 3C1.1. If the District Court determines on remand that the facts do not justify the enhancement for committing perjury, then Rosario must be resentenced. We consider and reject as without merit Rosario's remaining arguments in a summary order filed simultaneously herewith.