*United States v. Rosario*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand twenty-four.

PRESENT:

> DENNIS JACOBS,
> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                              No. 21-680

IVAN ROSARIO, a.k.a. GHOST,

*Defendant-Appellant.*

———————————————————————

For Appellant:                          MURRAY E. SINGER, Port Washington, NY.

For Appellee:                           SEAN P. MAHARD (Conor M. Reardon, *on the brief*), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Ivan Rosario appeals from the district court's judgment following his conviction after trial of one count of causing and inducing a person to destroy evidence in violation of 18 U.S.C. §§ 1512(b)(2)(B) and (j). The district court imposed a sentence of 210 months' imprisonment, based in part on its finding that Rosario had perjured himself at trial, which merited a two-level sentencing enhancement for obstruction of justice under section 3C1.1 of the United States Sentencing Guidelines. Rosario appealed his conviction and sentence, arguing, among other things, that the district court failed to make specific factual findings to support the application of the obstruction enhancement. Although we affirmed Rosario's conviction, *United States v. Rosario*, 842 F. App'x 694, 696 (2d

Cir. 2021), we remanded in a separate opinion directing the district court to make "further findings in support of its enhancement under [section] 3C1.1," *United States v. Rosario*, 988 F.3d 630, 634 (2d Cir. 2021). Two weeks later, the district court issued a ten-page written decision articulating such findings in detail. Rosario now renews his appeal, arguing that (1) the district court clearly erred in applying the obstruction enhancement because there was no evidence that he falsely testified at trial or that his testimony, even if false, was material; and (2) the district court violated Rosario's constitutional rights to counsel and due process when it made factual findings for the sentencing enhancement without soliciting additional briefing or argument. We assume the parties' familiarity with the underlying facts, procedural history, and issues in dispute, to which we refer only as necessary to resolve this appeal.

## I. Sentencing Enhancement

Before applying a section 3C1.1 enhancement based on perjury, the "sentencing court must find by a preponderance of the evidence that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." *United States v. Thompson*, 808 F.3d 190, 194–95 (2d Cir. 2015) (internal quotation marks omitted). We review

a district judge's application of an obstruction-of-justice enhancement under a "mixed standard of review." *United States v. Khedr*, 343 F.3d 96, 102 (2d Cir. 2003). We review for clear error the sentencing court's factual findings, *United States v. Cassiliano*, 137 F.3d 742, 745 (2d Cir. 1998); and review *de novo* its legal conclusion that the facts found amount to obstruction of justice, while "giving due deference to the district court's application of the guidelines to the facts," *United States v. Pena*, 751 F.3d 101, 105 (2d Cir. 2014) (internal quotation marks omitted).

Rosario specifically disagrees with the district court's finding that his testimony concerning the phone's contents and why he sought its destruction was false, arguing that there is no evidence contradicting his testimony that he sought to destroy the phone to prevent his wife from seeing intimate images of him with another woman. But the district court cited ample evidence to support its conclusion that Rosario was motivated to destroy the phone because it contained evidence of his criminal conduct. In particular, the court noted that it was difficult to square Rosario's testimony – that he wanted the phone destroyed to keep his wife from finding out he was unfaithful – with the transcripts of Rosario's recorded calls, in which he spoke in code, referred multiple times to the federal criminal investigation of his activities, described the phone as "dangerous," and

4

never even mentioned his wife or the intimate images. App'x at 26–28. That evidence was more than adequate to support the district court's finding that Rosario's testimony was false.

The same evidence supported the district court's determination that Rosario's false testimony was material. Whether false statements made at trial are material turns on "whether the false testimony was capable of influencing the fact finder in deciding the issues before it." *United States v. Guariglia*, 962 F.2d 160, 164 (2d Cir. 1992) (alterations and internal quotation marks omitted). The obstruction of justice charged here required the jury to find that Rosario acted with the "intent to impair the [phone's] integrity or availability for use in an official proceeding." 18 U.S.C. § 1512(b)(2)(B). Rosario's testimony as to why he sought the phone's destruction went to the heart of whether he had the requisite intent to be convicted of obstruction of justice. Had the jury accepted his testimony at face value, Rosario could not have been convicted. Because Rosario's testimony was pivotal to his defense, the district court correctly found it to be material.

## II.     No Supplemental Briefing or Argument

Rosario next argues that he was deprived of his Fifth Amendment due process right to be heard and his Sixth Amendment right to counsel because the

district court did not "afford [Rosario] the opportunity to address any of the factual or legal issues sent back to it for its consideration." Rosario Br. at 13–14. Rosario specifically claims that he "had a right and a need to address" the factual issues that we directed the district court to resolve on remand. *Id.* at 13. We disagree.

Our opinion resolving Rosario's first appeal gave the district court two options: "to make any further findings in support of its enhancement under [section] 3C1.1," or, in the event that "the facts d[id] not justify the enhancement," to resentence Rosario. *Rosario*, 988 F.3d at 634. Given our limited mandate for remand, the district court was not required to give Rosario a full-blown sentencing hearing. The Due Process Clause requires a defendant to be given the opportunity to rebut allegations likely to impact his sentencing. *See, e.g.*, *United States v. Pugliese*, 805 F.2d 1117, 1122–23 (2d Cir. 1986). But Rosario already received that opportunity before and at his sentencing. The government argued for a perjury enhancement in its sentencing submission, Rosario's counsel argued against it in his opposition, and the issue was then aired in the sentencing hearing. On remand, the district court made the requisite findings based on the record that

6

existed when Rosario was sentenced; as a result, no additional opportunity to be heard was necessary.

In sum, because Rosario was provided with an opportunity to rebut the government's claims at his sentencing, he was not deprived of his due process right to be heard. And because he was provided with the right to counsel at his sentencing, through standby counsel, he was not deprived of his right to counsel at a critical stage in a criminal proceeding. Rosario's constitutional challenges therefore fail.

We have considered Rosario's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court