*United States v. Ejembi Onah*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand twenty-five.

PRESENT:
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*[*]

---

UNITED STATES OF AMERICA,

        *Appellee,*

    v.                      No. 24-2804

EJEMBI ONAH, AKA SEALED PERSON,

        *Defendant-Appellant.*

---

[*] Judge Alison J. Nathan, who was originally assigned to the panel, is unable to participate in consideration of this matter. Pursuant to this Court's Internal Operating Procedures, the appeal has accordingly been heard and decided by the remaining two judges of the panel. *See* 2d Cir. IOP E(b).

1

| | |
|---|---|
| **FOR APPELLEE:** | JOHN A. SARCONE III, United States Attorney for the Northern District of New York, (Michael D. Gadarian, Joshua R. Rosenthal, Joshua Rothenberg, Assistant United States Attorneys, *on the brief*), Syracuse, NY. |
| **FOR DEFENDANT-APPELLANT:** | MELISSA A. TUOHEY, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY. |

Appeal from a judgment of conviction and sentence of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the obstruction of justice enhancement is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Ejembi Onah appeals the District Court's sentence[1] of 24 months' imprisonment and two years of supervised release after he was convicted of two counts of wire fraud in violation of 18 U.S.C. § 1343 and three counts of money laundering in violation of 18 U.S.C. § 1957. Onah challenges the District Court's imposition of a 2-level obstruction of justice enhancement to Onah's offense level on the grounds that the District Court failed to make the findings required by *United States v. Dunnigan*, 507 U.S. 87 (1993). We assume the parties' familiarity with the underlying facts, the procedural

---

[1] The District Court also imposed a special assessment and restitution; Onah does not challenge those aspects of the sentence.

2

history, and the issues on appeal, which we reference only as necessary to explain our decision.

## I.    Standard of Review

"We consider *de novo* whether the District Court's factual findings in support of its perjury enhancement pursuant to U.S.S.G. § 3C1.1 complied with the requirements of *United States v. Dunnigan*, 507 U.S. 87 (1993)." *United States v. Rosario*, 988 F.3d 630, 632 (2d Cir. 2021) (per curiam).

## II.    Discussion

### A.  Legal Framework

Where, as here, the obstruction enhancement is based on a defendant's perjury, "[t]he Supreme Court has . . . directed district courts to 'make findings to support all the elements of a perjury violation in the specific case.'" *Id.* at 633 (quoting *Dunnigan*, 507 U.S. at 97).[2]  Therefore, a district court must specifically find "by a preponderance of the evidence 'that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter.'" *United States v. Thompson*, 808 F.3d 190, 194–95 (2d Cir. 2015) (quoting *United States v. Agudelo*, 414 F.3d 345, 349 (2d Cir. 2005)).[3]  "[I]t is preferable for a district court to address each element of

_____

[2]    In *United States v. Dunnigan*, 507 U.S. 87 (1993), the Supreme Court noted that, under the Guidelines, perjury is a proper basis for applying the obstruction of justice enhancement in the sentencing context. *Id.* at 92–93.

[3]    We note the obvious overlap in this formulation.  Where a defendant has "willfully" committed

3

the alleged perjury in a separate and clear finding." *Dunnigan*, 507 U.S. at 95. However, it is also sufficient for a district court to "make[] a finding of an obstruction of . . . justice that encompasses all of the factual predicates for a finding of perjury." *Id.*

Here, there is no disputing that the District Court failed to expressly address "each element of the alleged perjury in a separate and clear finding." *Id.* Thus, we must determine whether the District Court made a finding "that encompasses all of the factual predicates for a finding of perjury." *Id.* In conducting such an assessment, we recently found that our precedent "dispels any notion that our Circuit hews to a strict reading of *Dunnigan* whereby the district court must painstakingly explain its [findings] in all circumstances." *United States v. Orelien*, 119 F.4th 217, 232 (2d Cir. 2024). Instead, "[t]he basic principle we distill from our caselaw is that a district court's explanation of its perjury finding must somehow allow a reviewing court to discern the basis for the underlying [required findings]." *Id.* Put differently, "[i]t is possible that, if the district court identifies the untrue statement that forms the basis for a perjury finding, and determines that the defendant intentionally offered that statement, the district court's . . . finding[s] may be discernable without being explicit—and thus may be

_____

the act of perjury, she or he has necessarily "intentional[ly]" acted. *United States v. Thompson*, 808 F.3d 190, 194–95 (2d Cir. 2015). And where a defendant has "materially" committed perjury, the relevant testimony necessarily pertained to a "material matter." *Id.* This Circuit has most recently cited this formulation as the required findings, but nevertheless, has conducted its assessment by examining the essential findings as to willfulness, materiality, and truthfulness. *See, e.g., United States v. Orelien*, 119 F.4th 217, 228–34 (2d Cir. 2024). We follow suit.

affirmed." *Id.* Mindful of these guideposts and the Court's recent guidance, we hold that the District Court did not make a finding that sufficiently encompasses all of the factual predicates for perjury.

## B. The District Court's Findings

The parties point to the District Court's statement that Onah "perjured [him]self on the stand during [his] trial" and that "at no point [did he] accept[] responsibility for [his] actions claiming that the loans are the result of 'hackers.'" App'x at 188. Such a statement cannot satisfy the District Court's obligations under *Dunnigan*.

First, a district court does not satisfy the requirement to make the appropriate findings under *Dunnigan* merely by stating a defendant perjured himself. Such a statement is a legal conclusion, not a factual finding. If such a statement were enough, on its own, the requirements of *Dunnigan* would be rendered meaningless. Second, and relatedly, the District Court's statement does not allow this Court to discern the basis for the underlying willfulness finding. The District Court said nothing about Onah's intent in testifying about the possibility that hackers submitted fraudulent loans on his behalf. As it stands, the Court is unable to determine whether the District Court in fact found that Onah acted with a willful intent in offering this testimony, let alone whether such a finding was rooted in the record.

5

Though district courts need not "painstakingly" describe the basis for their findings, *see Orelien*, 119 F.4th at 232, here, the District Court's efforts at complying with *Dunnigan*'s requirements were simply too spare.

Accordingly, we VACATE the obstruction of justice enhancement and REMAND for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court